UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK MUMFREY                                                                                        CIVIL ACTION

VERSUS                                                                                                      NO. 11-2284

ANCO INSULATIONS, INC., ET AL.                                            SECTION "K"(5)

**ORDER AND REASONS**

Before the Court is a second Motion to Remand (Doc. 4) filed by Frank Mumfrey. In *Frank Mumfrey v. Anco Insulations, Inc., et al.,* Civil Action No. 11-711, this same case had been removed on the eve of trial by the same defendant, Sherwin-Williams Company ("Sherwin-Williams"). As noted at that time, the case was set for trial in the Civil District Court for the Parish of Orleans, State of Louisiana, on September 12, 2011. Plaintiff moved for an expedited hearing on the first motion to remand, because he is dying from malignant mesothelioma and wished to preserve that trial setting. As such, the Court granted an expedited hearing on the papers.

The removed petition was filed on or about December 2, 2010, alleging claims for negligence and product liability against the manufacturers, suppliers, and installers of the asbestos products to which he contends that he was exposed. Twenty defendants were originally named, with three being Louisiana defendants. Those three were Anco Insulations, Inc. ("Anco"), Carrruth Brothers Lumber Company, Inc. ("Carruth") and Taylor-Seidenbach, Inc. ("Taylor-Seidenbach"); the rest were diverse from this Louisiana plaintiff.

Based on deposition testimony, Sherwin-Williams maintained that these three original Louisiana defendants were improperly joined because there was no possibility of recovery by plaintiff against these defendants based on plaintiffs' deposition testimony. Another Louisiana

defendant was added two days after the deposition by a First Supplemental and Amending Petition in which retailer Reilly-Benton Company, Inc. ("Reilly"), a Louisiana Corporation, was named as an additional defendant. Likewise, Sherwin-Williams contended no cause of action existed against that defendant as well and should be disregarded for purposes of diversity jurisdiction.

This Court found that Section 1446(b) of the Federal Rules of Civil Procedure as interpreted and applied by the United States Court of Appeals for the Fifth Circuit required that all served and properly joined defendants consent to removal citing *Morales v. Shaffer*, 2007 WL 3237457 (E.D. La. Oct. 31, 2007) (Vance, J.) citing *Getty Oil Corp. v. Ins. Co. of N. America*, 841 F.2d 1254, 1262 (5th Cir. 1988). Based on the fact that there was insufficient proof adduced as to the consent of all the served defendants, the case was remanded to state court. *Mumfrey v. Anco Insulations, Inc.,* 2011 WL 1527180 (E.D.La. April 20, 2011).

On the day trial was scheduled to commence in state court, September 12, 2011, Sherwin-Williams once again filed a notice of removal to this Court. The grounds this time were the result of actions which occurred at a hearing held in August in Civil District Court for the Parish of Orleans. Sherwin-Williams was the only diverse defendant remaining in the suit at that time.

Motions for Summary Judgment had been filed in the state court proceeding by Anco, Carruth and Taylor-Seidenbach and were heard on on Tuesday, August 30, 2011. No memoranda of opposition, no evidence, and no argument by plaintiff's counsel was made at that proceeding on those motions. Rather, plaintiff's counsel stated at the beginning of the hearing, "Your Honor, I just want to be careful just given some weird case law that's out there. There are

several motions for summary judgment to which we have not filed formal opposition." The court then responded, "You oppose them in principle but don't have any necessary evidence to present." Counsel responded, "Exactly." And thus, the state district court granted each of the motions for summary judgment "based on the memo and the evidence presented." This colloquy constitutes the record upon which the non-diverse defendants were granted dismissal by the state court.

The "weird" law to which counsel referred is the "voluntary-involuntary dismissal rule." *Englande v. Smithkline*, 206 F.Supp.2d 815 (E.D.La. 20002) (Feldman, J.); *Green v. City Serv. Refinery*, 2007 WL 2008526 (W.D.La. Feb. 22, 2007); *Motion v. Lockheed Martin Corp.*, 1996 WL 736977 (E.D.La. Dec. 19, 1996) (Clement, J.). Under this rule as noted in the seminal case *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967), if a resident defendant is dismissed from a case by the **voluntary** act of the plaintiff, the case becomes removable, but if the dismissal is the result of either the **defendant's or the court's** acting against the wish of the plaintiff, the case cannot be removed. This was the state of the law prior to the amendment of 28 U.S.C. § 1446(b) allowing removal where an action was not originally removable on the initial

pleading, and the *Weems* court found that it would remain the law thereafter.[1] The voluntary-involuntary rule is thus employed to this day. *Id.* at 546.

In *Weems*, the narrow question presented was whether "an action instituted in state court against a resident defendant and a nonresident defendant, nonremovable to federal court when commenced due to the lack of diversity of citizenship, thereafter may be removed when the resident defendant is dismissed by means of a directed verdict." *Id.* at 545. In *Weems* a Mississippi resident in a suit for personal injuries sued a New York corporation and one of its employees, a Mississippi resident. Weems had been injured by a machine operated by Stone. Based on the allegations, the suit was not initially removable.

At trial, the plaintiff presented his case and rested. Stone's lawyer then moved for a directed verdict on the ground that plaintiff's evidence was insufficient. Both defendants then rested without putting on any testimony or evidence. The state district court granted a directed verdict for Stone which resulted in the New York corporation announcing it had filed a petition for removal and contending that the state court had no jurisdiction to proceed. Nonetheless, the state court proceedings continued and after the jury retired, before a verdict was rendered, the New York corporation served a copy of the removal petition on the plaintiff and the clerk of

---

[1] The Fifth Circuit examined at length the history of this rule as developed by case law. In the first instance, the Supreme Court found in *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92 (1898) that where a plaintiff voluntarily dismissed the resident defendants after the time period within which the petition for removal could have been filed, the Supreme Court concluded that the case had become removable for the first time when the plaintiff discontinued his action against the individual resident defendants. *Weems* 380 F.2d at 547. Then in *Whitcomb v. Smithson*, 175 U.S. 635 (1900), the Supreme Court seized on the dichotomy between voluntary and involuntary and found that where the resident defendant had been eliminated from the case without the plaintiff's consent (in that instance by virtue of a directed verdict), the case was not removable. *Weems*, 380 F.2d at 547. "Later cases agreed that the crucial point on which Powers had turned as the voluntariness of the plaintiff's act, and the rule that an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff was solidified." *Id.*

court.  A motion to remand was filed by plaintiff and denied by the federal district court.  The Fifth Circuit reversed the district court on appeal.  The appellate court found that a directed verdict was "the classic situation where removal long has been denied for good reason.  The dismissal, wholly involuntary to the plaintiff, is not final in the sense that it is appealable in the state courts."  *Weems* 380 F.2d 548.

> As noted in *Green v. City Service Refinery*, 2007 WL 3008526 (W.D.La. Feb. 22, 2007):
>
> Courts have described the rule as embracing two principles: judicial economy and deference to a plaintiff's choice of forum.  Concerns for judicial economy are behind the requirement that a plaintiff voluntarily dismiss the non-diverse defendant so that there is no doubt that the defendant has been dropped from the case and that the plaintiff will not be able to challenge the dismissal on appeal or otherwise and ultimately destroy diversity jurisdiction if the claim is held to have been improperly dismissed.  The requirement that the dismissal be effected by the plaintiff's voluntary act thus avoids the risk of a "yo-yo effect" if the dismissal is later deemed to have been improper.  *See, e.g. Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162 (4th Cir. 1988); *Drye v. Bankers Life & Casualty Co.* 2006 WL 2077563 (W.D.N.C. 2006).
> 
> Another rule that must be kept in mind is that removal statutes are strictly construed against removal.  *Herron v. Continental Airlines, Inc.*, 73 F.3d 57, 58 (5th Cir. 1996).  The voluntary-involuntary rule is judge-made rather than a removal statute enacted by Congress, so the need to afford a strict construction or interpretation of the rule is even greater in this setting.   Otherwise, the rules governing removal may become a moving target that shift and expand pursuant to nothing more than the judicial fiat of the district courts.  A careful and principled application of the rule will avoid that danger.

*Id.* at *4.  Thus, the focus remains on whether there was a voluntary act taken by **the plaintiff** to trigger the dismissal, and clearly in this instance, there was not.

"It is only where the plaintiff, by his voluntary act, 'definitely and clearly indicates his intention to abandon or discontinue the action against a non-diverse defendant that the action becomes removable.'" *Englande v. Smithkline*, 206 F. Supp.2d 815, 817 (E.D.La. 2002) citing *McLin v. Surgitex, Inc.*, 1992 WL 67801 (E.D.La.) (Wicker, J.).  This Court finds that a failure to

oppose a motion for summary judgment does not constitute a "voluntary act" that would create a right to remove this case. *Shemp v. Yamaha Corp. of America*, 2006 WL 2669185 (D. Nev. Sept. 18, 2006). Plaintiff did not state that he had no opposition to the motion as was the case in *Montgomery v. Long-Lewis, Inc.*, 2010 WL 6558022 (N.D. Ala. July 2, 2010) or in *Davidson v. Advocate Mines, Ltd.,* C. A. No. 11-1013 (E.D.La.) (Doc. 45) where there were three instances of counsel stating there was no opposition to a motion for summary judgment. The cases relied upon by Sherwin-Williams are inapposite to the instant case. Rather here, plaintiff's counsel clearly demonstrated that he did not acquiesce, regardless of the fact that he had not filed an opposition.

Furthermore, it is equally clear in this instance that the state district court dismissed the non-diverse defendants based on the record, not because no opposition was filed. Under Louisiana law and La. Civ. Code art. 966,

> the failure of an opposing party to file opposing affidavits or other evidence does not automatically entitle the moving party to summary judgment. . . . It is only after the moving party has shown that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law that the burden shifts to the party opposing the motion to come forward with specific facts establishing the existence of a genuine issue for trial.

*Caballero Planting Co., Inc. v. Hymel*, 597 So.2d 35 (La. App. 1st Cir. 1992) citing *Nathans v. Vuci*, 443 So.2d 690 (La. App. 1st Cir. 1983); *Huval v. Schmershal*, 525 So.2d 140 (La. App. 3d Cir. 1988). A court must independently find based on the evidence that there is no genuine issue of fact for trial, and Louisiana courts have been known find even when no opposing evidence has adduced that a defendant has not met that burden. *See Sharp v. Harrell*, 762 So.2d 1119 (La. App. 1st Cir. 2000). As such, the dismissal of Anco, Carruth and Taylor-Seidenbach were not voluntarily obtained through the actions of the plaintiff and this case was not removable with

their dismissal. Accordingly, finding this court has no jurisdiction, and pursuant to 28 U.S.C. 1447(c),

**IT IS ORDERED** that this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana,

New Orleans, Louisiana, this 7th day of October, 2011.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**